UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

VALENTIN K. MEDVEDEV and MARIA F. MEDVEDEVA,

                        Debtors.

NO. C09-1131MJP

ORDER ON MOTION TO INTERVENE AND TO WITHDRAW REFERENCE

The above-entitled Court, having received and reviewed

1.    Movant Andrei Medvedev's Motion to Withdraw the Reference and Motion to Intervene (Dkt. No. 1, Part 1)

2.    Trustee's Response to Motion to Withdraw Reference and Motion to Intervene (Dkt. No. 1, Part 3)

3.    Movant's Reply to Trustee's Response (Dkt. No. 2)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is DENIED and this matter is DISMISSED with prejudice.

**Background**

This matter is part of a complicated tapestry of bankruptcy, guardianship, tort and probate actions. The facts, as relevant to the motion before this Court, are as follows:

In February of 2006, Valentin Medvedev suffered an incapacitating stroke. Counsel was retained to investigate the possibility of a medical malpractice claim. Toward the end of 2006, Mr. Medvedev was declared legally incapacitated and a guardianship was instituted in his behalf. In August of 2007, Mr. Medvedev's wife, Maria Medvedeva, was appointed his guardian. In September

of that year, a Chapter 7 bankruptcy proceeding was initiated on behalf of the husband and wife. The potential malpractice claim was not listed among the assets of the debtors.

In May 2008, a malpractice claim was filed in King County Superior Court. The bankruptcy trustee was not notified of this action, and apparently became aware of it independently. On November 15, 2008, Valentin Medvedev died. In December of that year, Mrs. Medvedeva commenced probate proceedings (again, without notice to the bankruptcy trustee) and was appointed personal representative ("PR") for the probate estate.

On June 5, 2009, Bankruptcy Judge Steiner announced during a hearing on the Chapter 7 proceeding that he intended "to retain. . . full authority over the settlement of any pending [tort] claims. . . [A]ny settlement that's on board will have to be brought before this Court on the usual notice and hearing procedure. Furthermore, this Court will retain full authority to direct any distribution of the proceeds realized from those actions." Transcript, 6/5/09 proceeding; Exh. 3 to Pltf Mtn, 27:8-15. Judge Steiner also concluded that "at the time of the filing of the bankruptcy, the realty was under the jurisdiction of this Court and it is now under the sole jurisdiction of this court, that it is part of the bankruptcy estate and that the trustee may proceed to administer it." Id., 25:1-6.

On August 10, 2009, Andrei Medvedev (son of the debtors Valentin and Maria) filed this action, which seeks (1) permission to intervene in the bankruptcy proceeding and (2) an order withdrawing from reference to the Bankruptcy Court both the wrongful death/survivorship tort claim and any jurisdiction over the administration of the sale of the residence.

Finally, the Court takes judicial notice of the Order Adjudicating Jurisdiction Regarding Residence, Wrongful Death and Survivor Actions entered by Judge Steiner on August 14, 2009. That order (1) asserts the jurisdiction of the Bankruptcy Court over what had been (prior to Mr. Medvedev's death) the guardianship estate; (2) orders the bankruptcy trustee to sell the debtors' residence; (3) asserts jurisdiction over the claims of the deceased debtor against the State of

Washington and the University of Washington as the property of the bankruptcy estate; and (4) asserts that the wrongful death claim being brought by the PR of the estate (Mrs. Medvedeva) is the property of the bankruptcy estate, <u>except</u> for "the wrongful death claim made for the benefit of the children of the debtors." Bankruptcy No. 07-14535, Dkt. No. 15, p. 2.

**<u>Analysis</u>**

<u>Standing</u>

The Court finds as an initial matter that the movant Andrei Medvedev does not have standing to initiate any action in the underlying bankruptcy proceeding. His entire motion is premised on his future interest in any damages awarded in the (unresolved) wrongful death action and his putative rights as an heir in the proceeds of the sale of his father's home (a sale which, as far as this Court is aware, is still unrealized).

One of the key elements of standing is the existence of "injury in fact;" a concrete, particularized injury or the "actual or imminent" invasion of a legally protected interest. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-560 (1992). Plaintiff has alleged neither of these elements – he has alleged no concrete, particularized injury to date, and his future damages (as the potential heir of a bankrupt decedent) are speculative at best.

<u>Permissive intervention</u>

Bankruptcy Rule 2018(a) provides that "[i]n a case under the Code, after hearing on such notice as the court directs or *for cause shown,* the court *may* permit any interested entity to intervene." Fed. R. Bankr.P. 2018(a) (emphasis supplied). Although it is not necessary to have standing in order to be permitted to intervene, there are certain preconditions. The case law outlines those qualifying elements as follows:

> Permissive intervention provides the Bankruptcy Courts with a mechanism to allow entities that do not technically qualify as "parties in interest" to participate in proceedings when such participation is necessary to protect the entities' interests. See 7 Collier on Bankruptcy ¶ 1109.03[4]. The factors to be considered include whether intervention would result in undue delay or prejudice, and whether the proposed intervenor's interests are adequately represented by a party already present in the case. *See, e.g.,* In re Longfellow Indus., Inc., 76 B.R. 338, 341 (Bankr.S.D.N.Y. 1987)

Southern Blvd., Inc. v. Martin Paint Stores, 207 B.R. 57, 62 (S.D.N.Y.,1997).

The trustee in bankruptcy has not argued that permitting Andrei's intervention in this matter would "result in undue delay or prejudice." But by exempting the children's claims in the wrongful death action from his August 14 order, Judge Steiner has removed the "cause" from Andrei's attempt to intervene concerning the tort claims arising out of his father's demise. The movant can no longer argue that he has any interest in what happens in the Bankruptcy Court concerning the tort claims pending in state court. The Court finds that there is no "cause shown" for the movant to intervene on the basis of the wrongful death/survivorship tort action.

Concerning the sale of the residence (in which the movant claims an interest as an heir of the decedent), the Court notes that his mother Maria is still the personal representative of his father's probate estate, the surviving debtor in the bankruptcy proceeding, and a potential heir of her late husband.[1] Andrei has presented neither arguments nor evidence to suggest that his mother is not capable of adequately representing the interests of all of Valentin's heirs. Therefore he has not satisfied any of the criteria which might incline this Court to exercise its discretion and permit him to intervene.

The motion to intervene will be DENIED. Therefore, the Court does not reach the merits of the movant's request to withdraw the reference.

**Conclusion**

---

[1] In his August 14 order, Judge Steiner granted relief from the automatic stay in the bankruptcy proceeding to permit the trustee to move the state court to remove Maria Medvedeva as the PR in probate. Bankruptcy No. 07-14535, Dkt. No. 15, p. 3. However, there is no evidence before this Court that Mrs. Medvedeva is not still the PR in probate.

**ORDER ON MTNS TO INTERVENE AND WITHDRAW REFERENCE - 4**

1       The movant Andrei Medvedev has no standing to bring a motion concerning the bankruptcy proceeding involving his mother and his late father. Furthermore, he does not satisfy the criteria for permissive intervention into that proceeding. His motion in that regard will be denied, which effectively terminates this litigation. As there was no other purpose for the institution of this lawsuit, the Court will order the case closed.

     The Court notes that a completely separate Petition for a Writ of Mandamus was brought on behalf of Maria Medvedeva by her attorney and filed under this cause number. See Dkt. No. 6. Maria Medvedeva is not a party in this dismissed legal action brought by her son and cannot file an independent request for a separate remedy within it. By separate order, the Court will strike her pleading.

     The clerk is ordered to provide copies of this order to the movant and all counsel.

Dated: September 30, 2009

*[signature]*

Marsha J. Pechman
U.S. District Judge